**FILED**
**DEC 17 2013**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 08-30053-02 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| DANIAL MARTIN, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The defendant pleaded guilty to conspiracy to distribute marijuana and was sentenced to 35 months custody and six years supervised release. He was released in October 2010, and did well on supervision for the first year. However, he began a pattern of abusing alcohol and marijuana, failing to follow the directives of his supervising officer, and absconding from placements. His supervised release was revoked on June 19, 2012, and he was sentenced to ten months custody followed by 24 months supervised release. He was again released on March 1, 2013. A second petition to revoke supervised release was filed and a warrant issued on June 13, 2013, based upon allegations that defendant again abused a controlled substance and absconded from placement. He was writted out of the custody of the Pennington County Jail on November 20, 2013, to answer the petition to revoke supervised release. Defendant has filed a motion for recusal and transfer of this case to another judge based upon statements made at the last revocation hearing that I would likely impose the maximum sentence if he violated his conditions of supervised release again.

A district judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). *See also*, 28 U.S.C. § 144 ("Whenever a party . . . files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . such judge shall proceed no further therein"). The

requirement of disqualification "is commonly limited to those circumstances in which the alleged partiality 'stem[s] from an extrajudicial source.'" Liteky v. United States, 510 U.S. 540, 544, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (*quoting* United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). Opinions held by judges as a result of what they learned in earlier criminal proceedings are not subject to the characterization as "bias" or "prejudice." Liteky v. United States, 510 U.S. at 551, 114 S.Ct. at 1155. An unfavorable predisposition deserves to be characterized as "bias" or "prejudice," even though it springs from the facts adduced or the events occurring at trial, only if it is "so extreme as to display clear inability to render fair judgment." United States v. Wisecarver, 644 F.3d 764, 771 (8th Cir. 2011) (*quoting* Liteky, *Id.*). "[P]redispositions developed during the course of a trial will sometimes (albeit rarely) suffice." Liteky v. United States, 510 U.S. at 554, 113 S.Ct. at 1157.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.*, at 28 (internal quotation marks omitted). Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune.

Liteky v. United States, 510 U.S. at 555-56, 114 S.Ct. at 1157.

This is not a case involving deep-seated bias or animosity calling for disqualification. I am aware of the defendant's behavior while on pre-trial release and while on supervised release. I tell every criminal defendant whose supervised release is revoked that, if they persist in failing to follow the conditions of supervised release, they will face a harsher penalty upon a second or third revocation. I attempt to give fair warning to a defendant, in the hope the defendant will "mend his ways" and obey orders of the Court. Nonetheless, I have never imposed a sentence upon revocation of supervised release without first considering the statutory factors set forth in 18 U.S.C. § 3553 and § 3583. It is also elementary that even a formal written ruling by a district court judge is always subject to change, wholly or in part.

The defendant's attorney has also filed a motion to continue the revocation hearing now set for January 10, 2014. Counsel is well aware or should be well aware that I am leaving for Florida on January 11, not to return until April. Counsel seeks a 30 day continuance. The motion is frivolous and is designed to accomplish (through the back door) an assignment to another judge. The motion should be summarily denied, having no legal merit.

Now, therefore,

IT IS ORDERED

1. The motion, Doc. 172, for recusal is denied.

2. The motion, Doc. 171, for a continuance is denied.

Dated this 17th day of December, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)